J-A16027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN HAGERTY | : | |
| | : | |
| Appellant | : | No. 2035 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004879-2010

BEFORE:     McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED AUGUST 24, 2022**

Brian Hagerty (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his non-jury convictions of aggravated indecent assault of a child[1] and related offenses.  On November 13, 2019, a prior panel[2] of this Court affirmed Appellant's convictions, but vacated his designation as a sexually violent predator (SVP) pursuant to the then-controlling Superior Court decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3125(b).

[2] *Commonwealth v. Hagerty*, 3023 EDA 2017 (unpub. memo.) (Pa. Super. Nov. 13, 2019).

*rev'd*, 226 A.3d 972 (Pa. 2020) (**Butler II**). The panel also remanded for the trial court to assess whether Appellant's SVP designation and registration requirements[3] were imposed pursuant to Pennsylvania's Sex Offender Registration and Notification Act[4] (SORNA). The panel observed that **if** SORNA registration were imposed, Appellant may be entitled to relief under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality).[5] The trial court conducted the resentencing hearing on October 5, 2020, found it was bound by the Pennsylvania Supreme Court's intervening reversal of **Butler**, and accordingly reimposed the SVP designation. In its Pa.R.A.P. 1925(a) opinion, however, the trial court relies on **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020),[6] as support for the re-imposition of SVP status. On appeal, Appellant broadly insists the retroactive application of SORNA requirements is unconstitutional. We conclude Appellant is subject to Subchapter I and, pursuant to **Lacombe**, affirm the SVP designation and

---

[3] Throughout this memorandum, our use of the shorthand term "registration requirements" will include registration, notification, and counseling requirements.

[4] 42 Pa.C.S. §§ 9799.10 to 9799.75.

[5] **See Muniz**, 164 A.3d at 1193 (SORNA I's registration requirements constituted punishment and their retroactive application violated the constitutional prohibition against *ex post facto* laws).

[6] **See Lacombe**, 234 A.3d at 626-27 (Subchapter I of SORNA II does not constitute criminal punishment, and thus retroactive application does not violate *ex post facto* laws).

registration requirements of Subsection 9799.55(b)(3).[7]  We further direct the trial court, on remand, to determine whether Appellant is additionally required to register under any other paragraph of Subsection 9799.55(a) or (b).

## I. Facts & Procedural History

As the trial court and parties are well familiar with the underlying facts and prior procedural history, we need not reiterate them in detail.  We summarize that between 2001 and 2010, Appellant sexually abused his minor stepdaughter, K.H.  On June 19, 2013, following a non-jury trial, the trial court found Appellant guilty of: aggravated indecent assault of a child; simple assault; unlawful restraint/serious bodily injury; false imprisonment; indecent assault of a person less than 13 years of age; endangering welfare of children; corruption of minors; and unlawful contact with a minor.[8]

On March 21, 2014, the trial court imposed an aggregate sentence of 8½ to 17 years' incarceration, to be followed by 10 years' probation.  In addition, Appellant "received notice that he had been classified as an [SVP and] was subject to lifetime registration as a sexual offender.[ ]"  **Hagerty**, 3023 EDA 2017 at 3.  As we discuss **infra**, the details of Appellant's

---

[7] **See** 42 Pa.C.S. § 9799.55(b)(3) (sexually violent predators shall be subject to lifetime registration).

[8] 18 Pa.C.S. §§ 2701(a), 2902(b), 2903(b), 3126(a)(7), 4304(a), 6301(a)(ii), 6318(a).

registration were not apparent from the limited record transmitted on appeal. We note, nevertheless, that at this time, SORNA I was in effect.

Subsequently, Appellant's direct appeal rights were reinstated *nunc pro tunc*, and he appealed in September of 2017. This Court issued a memorandum decision on November 13, 2019. By this time, SORNA II, including Subchapter I, was in effect.[9] The panel applied the Superior Court's decision in *Butler I* — that SVP designations and registration requirements were "increased criminal punishment" and thus violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).[10] *Butler II*, 226 A.3d at 976. Accordingly, the panel vacated Appellant's SVP designation and attendant registration requirements. *Hagerty*, 3023 EDA 2017 at 13.

_____

[9] This Court has explained:

> In response to *Muniz*, the General Assembly amended SORNA I by passing SORNA II, which became effective on June 12, 2018.[ ] SORNA II divided SORNA I into two parts, with one set of obligations applicable to offenses committed on or after December 20, 2012 (Subchapter H), and the other applicable to offenders who were convicted of certain offenses on or after April 22, 1996, but before December 20, 2012 (Subchapter I).[ ]

*Commonwealth v. Zack*, 262 A.3d 497, 500 (Pa. Super. 2021).

[10] "In *Apprendi* and *Alleyne*, the Supreme Court of the United States held any fact, which increases the statutory maximum penalty (*Apprendi*), or mandatory minimum sentence (*Alleyne*), must be submitted to a jury and proven beyond a reasonable doubt." *Butler II*, 226 A.3d at 976 n.3.

The panel also observed, however, there was no sentencing transcript, and it was not clear from the record, trial court opinion, and parties' briefs whether Appellant's "SVP designation, registration requirements, and lifetime registration status were imposed pursuant to" SORNA. *Hagerty*, 3023 EDA 2017 at 3 n.2, 11 n.6. Appellant committed his offenses before the December 20, 2012, effective date of SORNA. The panel reasoned that if SORNA registration were retroactively imposed on him, Appellant may be entitled to relief under *Muniz*. *Id.* at 12-13. The panel thus remanded for "the trial court to assess the statutory source for Appellant's SVP designation and registration requirements and to advise [him] about any reporting requirements that properly apply." *Id.* at 13.

The trial court conducted the resentencing hearing on October 5, 2020.[11] We note that at this time, SORNA II, including Subchapter I, was in effect. The Commonwealth argued: (1) the Pennsylvania Supreme Court had, since the Superior Court's remand order, overruled *Butler I* and upheld SVP designations and registrations as constitutional;[12] (2) this new decision was controlling; and thus (3) the court should re-impose the SVP designation. *See*

---

[11] Appellant appeared at the hearing by video, while his attorney, Peter Levin, Esquire, appeared in person. *See* N.T. Resentencing, 10/5/20, at 4.

[12] *See Butler II*, 226 A.3d at 993 (Subchapter H's SVP lifetime registration, notification, and counseling requirements do not constitute criminal punishment, and thus do not violate *Apprendi* or *Alleyne*).

N.T. Resentencing at 7-8. Appellant responded the trial court was bound by the panel's directive — to vacate the SVP designation — "[a]nd if the Commonwealth is not happy with that[,] they can appeal." *Id.* at 8.

The trial court agreed with the Commonwealth that the new *Butler II* decision applied, and accordingly re-imposed Appellant's designation as an SVP. N.T. Resentencing at 9. The Commonwealth advised Appellant, orally on the record, of his registration requirements as an SVP. *Id.* at 10-14. No other registration requirements were mentioned.

Appellant timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In its Rule 1925(a) opinion, the trial court made no mention of *Butler II* and instead relied on *Lacombe* in support of re-imposing the SVP designation and registration requirements. *See* Trial Ct. Op., 10/20/21, at 5-6 (unpaginated).

## II. Appellant's Argument

On appeal, Appellant presents one issue for our review:

Whether the sentence was legally impermissible?

Appellant's Brief at 7.

Appellant presents several arguments in support of his claim the SORNA registration requirements were illegally imposed on him.[13] First, he relies on

_____

[13] We observe Appellant's argument, less than three pages long, is deficient in legal authority. Additionally, some of his discussion is unclear and difficult
*(Footnote Continued Next Page)*

the Superior Court's opinion in **Butler I** — while ignoring **Butler II** — to argue a trial court cannot make an SVP designation or "hold SVP hearings." **See** Appellant's Brief at 14. Appellant also argues that because he committed his offenses before the December 2012 effective date of SORNA, the statute's "enhanced reporting scheme . . . would constitute greater punishment" and thus violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.**

Next, Appellant contends that at the time SORNA II was enacted, he was "no longer required to register as a sexual offender," as his "period of registration had [already] expired," and thus he was not required to register pursuant to 42 Pa.C.S. § 9799.55(b)(2)(i)(B). **See** Appellant's Brief at 15. **See also** 42 Pa.C.S. § 9799.55(b)(2)(i)(B) (Subchapter I) (individuals — who

_____

to follow. For example, he presents this protracted claim, without any explanation of the law mentioned therein:

> Appellant contends under a prior version of Megan's Law, and/or the previous or subsequently enacted versions of [SORNA I and II] neither can apply retroactively to . . . Appellant pursuant to Act 10 and Act 29 of 2018, where . . . Appellant's registration period and the applicability of the law to which was in effect at the time of Appellant's offense expired on December 20, 2012, and the subsequently enacted versions of the law that retroactively applied to the Appellant were invalidated.

**See** Appellant's Brief at 14. We remind Appellant's counsel, Attorney Levin, that the failure to develop an argument, with analysis of relevant authority, may result in waiver of an issue. **See** Pa.R.A.P. 2119(a) (argument shall include discussion and citation of pertinent authorities); **Commonwealth v. Hernandez**, 39 A.3d 406, 412 (Pa. Super. 2012).

were required to register under a former sexual offender registration law after April 22, 1996, but before December 20, 2012, whose period of registration has not expired — shall be subject to lifetime registration). Appellant also reasons "there was no active law in effect at the time [SORNA II was enacted], which could compel [him] to register pursuant to" 42 Pa.C.S. § 9799.55(b). Appellant's Brief at 15. We determine no relief is due on his SVP claim, and remand for the trial court to determine whether Appellant is also required to register under additional subsections of Section 9799.55(a) and (b) (10-year and lifetime registrations for individuals convicted of enumerated offenses).

### III.  SVP Designation

As stated above, the trial court found, at the resentencing hearing, that **Butler II** required the re-imposition of the SVP designation on Appellant. After careful review, we disagree, on the ground **Butler II** concerned only Subchapter H, which does not apply to Appellant.

The SVP statutes at issue in **Butler I** were a part of SORNA I. **Butler II**, 226 A.3d at 976 (addressing 42 Pa.C.S. §§ 9799.15, 9799.16, 9799.26, 9799.27, and 9799.36). By the time **Butler II** was decided, these statutes were a part of SORNA II, under Subchapter H. The **Butler II** Court only addressed these Subchapter **H** SVP statutes; Subchapter **I** SVP procedures were not at issue. **See Butler II**, 226 A.3d at 976, 987-90, 992.

Meanwhile, as stated above, Subchapter H applies to individuals who committed offenses on or after December 20, 2012. **See Zack**, 262 A.3d at

- 8 -

500-01. As Appellant committed the underlying offenses between 2001 and 2010, and he is not subject to Subchapter H. Accordingly, neither **Butler I** nor **Butler II** apply to this case, and Appellant's reliance thereon is mistaken. **See Butler II**, 226 A.3d at 976. In any event, even if **Butler I** were relevant, Appellant offers no explanation why the trial court was not bound by **Butler II**, which was already in effect at the time of his resentencing hearing.

Instead, Appellant is subject to Subchapter I. **See Zack**, 262 A.3d at 500-01. To this end, we agree with the trial court's conclusion, in its Rule 1925(a) opinion, that re-imposition of Appellant's SVP designation is proper under **Lacombe**.[14] That decision was issued on July 21, 2020, and thus was also in effect at the time of Appellant's October 5, 2020, resentencing hearing. In **Lacombe**, our Supreme Court held Subchapter I is not punitive in nature, and therefore not violative of *ex post facto* laws. **Lacombe**, 234 A.3d at 626-27. Accordingly, the imposition of Subchapter I provisions on Appellant is proper.

---

[14] The trial court reasoned that **Lacombe** "overruled" and "overturned" **Muniz**. Trial Ct. Op. at 1, 5. We disagree with this characterization, as **Muniz** and **Lacombe** addressed different statutes. **Muniz** concluded that **SORNA I's** registration requirements constituted punishment, and its retroactive application violated *ex post facto* laws. **Muniz**, 164 A.3d at 1218. Meanwhile, **Lacombe** held that Subchapter I of **SORNA II** did not constitute punishment and thus its retroactive application did not violate *ex post facto* laws. **See Lacombe**, 234 A.3d at 626-27. Nevertheless, we are "not bound by the rationale of the trial court and may affirm on any basis if the record supports it." **See Commonwealth v. Martin**, 205 A.3d 1247, 1248 n.3 (Pa. Super. 2019).

Section 9799.55(b)(3), of Subchapter I, provides that a sexually violent predator "shall be subject to lifetime registration." 42 Pa.C.S. § 9799.55(b)(3). Appellant does not dispute his classification as an SVP, nor the trial court's rationale that *Lacombe* governs. For the foregoing reasons, we do not disturb the application of the Subchapter I SVP classification and registration requirements on Appellant.

Finally, we find no relief is due on Appellant's claim, that he is not subject to registration under Subsection 9799.55(b)(2)(i)(B), which imposes lifetime registration on individuals "who were required to register . . . under a former sexual offender registration law . . . on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired[.]" *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(B); Appellant's Brief at 15-16. Appellant was not directed to register under this subsection, but instead under Subsection 9799.55(b)(3) based on his status as an SVP.

## IV. Additional Subchapter I Registration

Next, we observe the trial court did not consider the issue that was remanded by the prior panel — the "statutory source for Appellant's . . . registration requirements" and whether he was subject to any other "reporting requirements that properly apply." *Hagerty*, 3023 EDA 2017 at 13. Instead, at the hearing, the trial court merely addressed Appellant's SVP status.

It appears Appellant may also be subject to the separate Subchapter I registration requirements based on his convictions of aggravated indecent

assault (lifetime registration) and unlawful contact with minor (10 years). ***See*** 42 Pa.C.S. § 9799.55(a)(1)(i)(A), (b)(2)(i)(A). Meanwhile, the trial docket entry for the October 5, 2020, sentencing order states, "Reporting requirements for Sexually Violent Predator-**Tier III** were re-read into the record[.]" Trial Docket, 10/20/21, at 29 (unpaginated). "Tier III" is a feature of Subchapter H, but not Subchapter I and, as stated above, Appellant is subject only to Subchapter I. ***See*** 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system").

Because the trial court did not comply with the prior panel's directive — and the October 5, 2020, trial docket entry's reference to "Tier III" should be clarified — we remand for the court to assess whether Appellant is subject to any additional Subchapter I registration requirements, and to properly notify Appellant if so. The court may conduct a hearing, direct the parties to file briefs, or undertake other appropriate action.

## V. Conclusion

For the foregoing reasons, we do not disturb the re-imposition of the SVP designation and concomitant registration requirements, pursuant to Subchapter I, on Appellant. We thus affirm the judgment of sentence. On remand, the trial court shall consider whether Appellant is subject to any additional Subchapter I registration requirements, and notify him if so.

Judgment of sentence affirmed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/24/2022</u>