J-S19038-21

2021 PA Super 164

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOHN DAVID ZACK | : | |
| Appellant | : | No. 229 WDA 2021 |

Appeal from the PCRA Order Entered February 10, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002297-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOHN DAVID ZACK, SR. | : | |
| Appellant | : | No. 230 WDA 2021 |

Appeal from the PCRA Order Entered February 10, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002138-2019

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    **FILED:  August 17, 2021**

John David Zack, Sr. (Zack) appeals from the orders of the Court of Common Pleas of Fayette County (PCRA court) denying his timely first petitions for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Zack was convicted in two separate cases for failing to comply

_____

[*] Retired Senior Judge assigned to the Superior Court.

with sex offender registration requirements under both the current version of the offense (18 Pa.C.S. § 4915.1) and the former version under Megan's Law III (18 Pa.C.S. § 4915). After review, we reverse Zack's convictions and judgments of sentence under the now repealed Section 4915 but affirm the denial of relief for his conviction under Section 4915.1.

**I.**

**A.**

In December 2011, a jury found Zack guilty of two counts of indecent assault of a person less than 13 years old, both graded as third-degree felonies.[1] In March 2012, the trial court sentenced him to serve an aggregate three to seven years' imprisonment. At the time of his sentencing, Zack was subject to registration under the then-effective Megan's Law III. While his convictions for indecent assault carried only a ten-year registration period, the trial court designated him a sexually violent predator (SVP), subjecting him to lifetime registration when he was released from state prison.[2]

---

[1] 18 Pa.C.S. § 3126(a)(7).

[2] 42 Pa.C.S. § 9795.1(a)(1) (expired) (ten-year registration period for individuals convicted of 18 Pa.C.S. § 3126(a)(7) "graded as a misdemeanor of the first degree or higher"); 42 Pa.C.S. § 9795.1(b)(3) (expired) (lifetime registration for SVPs).

While Zack was incarcerated, Megan's Law III was replaced by the first version of the Sex Offender Registration and Notification Act (SORNA I),[3] which became effective on December 20, 2012. Among other individuals, SORNA I made its registration provisions applicable to individuals like Zack who, on or after the effective date of the new law, were incarcerated in state prison due to a conviction for a sexually violent offense.[4] Additionally, under the law's three-tier system for classifying offenders, Zack was classified as a third-tier offender subject to lifetime registration based both on his indecent assault convictions and SVP designation.[5]

In the meantime, in December 2013, our Supreme Court ruled that Megan's Law III was unconstitutional because Act 2004-152 (Act 152), which included the provisions of Megan's Law III, was omnibus legislation violating the single subject rule of the Pennsylvania Constitution. ***Commonwealth v. Neiman***, 84 A.3d 603, 615 (Pa. 2013). While ***Neiman*** possibly affected

---

[3] 42 Pa.C.S. §§ 9799.10-9799.41.

[4] 42 Pa.C.S. § 9799.13(2).

[5] 42 Pa.C.S. § 9799.14(d)(8) (classifying convictions under 18 Pa.C.S. § 3126(a)(7) as Tier III sexual offenses); 42 Pa.C.S. §§ 9799.15(a)(3), (6) (lifetime registration for individuals convicted of a Tier III sexual offense or designated an SVP).

individuals who had to register before SORNA I, Zack's lifetime registration was unaffected by the decision.[6]

A few years later, though, in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court considered a constitutional challenge to the application of SORNA I to offenders who committed their offenses before its effective date. The **Muniz** Court explained that a statute violates the *ex post facto* clause of the United States Constitution where it imposes the equivalent of criminal punishment. To determine this, the Court considered whether the express purpose of SORNA I was to impose punishment and, if not, whether the statutory scheme was so punitive in effect as to negate the legislature's stated non-punitive purpose. Finding that the reporting and registration requirements under SORNA I were punitive, the **Muniz** Court held that retroactive application of the statute's requirements to offenses committed before its effective date (December 20, 2012) violated the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. **Id**. at 1223.

---

[6] Recognizing the possible impact of its decision in **Neiman**, the Supreme Court stayed its decision for 90 days to allow the Legislature "to consider appropriate remedial measures." **Neiman**, 84 A.3d at 616. In response, the General Assembly modified Section 9799.13(3) to clarify that persons who were required to register with PSP any time before SORNA I's effective date and whose registration period had not expired still had to register with PSP as provided in that section.

In response to **Muniz**, the General Assembly amended SORNA I by passing SORNA II, which became effective on June 12, 2018.[7] SORNA II divided SORNA I into two parts, with one set of obligations applicable to offenses committed on or after December 20, 2012 (Subchapter H), and the other applicable to offenders who were convicted of certain offenses on or after April 22, 1996, but before December 20, 2012 (Subchapter I).[8] Subchapter I ensured that those required to retroactively register under SORNA—and entitled to relief after **Muniz**—would still have to do so.[9] As a result, Zack would still need to register for life under Subchapter I of SORNA II because of his SVP designation.[10]

## B.

In August 2019, Pennsylvania State Police (PSP) filed two separate criminal complaints against Zack for failing to comply with sex offender registration requirements. As noted earlier, Zack was charged under both the

---

[7] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

[8] 42 Pa.C.S. §§ 9799.51-9799.75.

[9] Additionally, SORNA II created a new failure to register provision for offenders required to register under Subchapter I. **See** 18 Pa.C.S. § 4915.2.

[10] 42 Pa.C.S. § 9799.52(1) (requiring registration for individuals "convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired"); 42 Pa.C.S. § 9799.55(b)(3) (lifetime registration for SVPs).

former Megan's Law III version of the offense (18 Pa.C.S. § 4915) and the current version under SORNA (18 Pa.C.S. § 4915.1). In Case No. 2297-2018, Zack was charged with: (1) failure to comply with registration requirements, 18 Pa.C.S. § 4915(a)(1); (2) failure to verify address or be photographed as required, 18 Pa.C.S. § 4915(a)(2); (3) failure to provide accurate information, 18 Pa.C.S. § 4915(a)(3); and (4) failure to comply with counseling, 18 Pa.C.S. § 4915.1(a.2)(1). PSP alleged that theses offenses occurred on September 28, 2018. In Case No. 2138-2019, meanwhile, Zack was charged with one count of failure to verify address or be photographed as required, 18 Pa.C.S. § 4915(a)(2). PSP alleged that this offense occurred on August 2, 2019.

Zack quickly negotiated a plea agreement and on October 7, 2019, pleaded guilty to all charges on both cases. On December 3, 2019, the trial court imposed an aggregate sentence of one to two years' imprisonment.[11] Because he did not seek appeal, his judgments of sentence became final on January 2, 2020.[12]

---

[11] On Case No. 2297-2018, the trial court imposed one to two years' imprisonment on count three, failure to provide accurate information, 18 Pa.C.S. § 4915(a)(3), and no further penalty on the remaining counts. On Case No. 2138-2018, the trial court imposed a concurrent 9 to 24 months on count one, failure to verify address or be photographed as required, 18 Pa.C.S. § 4915(a)(2).

[12] 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

On April 17, 2020, Zack filed timely first-time *pro se* PCRA petitions in both cases. The PCRA court appointed counsel who filed amended petitions to assert that "the Commonwealth violated [Zack's] constitutional rights by imposing additional reporting requirements upon him after he was sentenced by enacting SORNA."

On February 10, 2021, the PCRA court denied both petitions, after which Zack filed timely notices of appeal in both cases.[13] On appeal, he presents one question for our review:

> Whether [Zack's] reporting requirements under the Pennsylvania Sexual Offender Registration and Notification Act (SORNA) II are constitutional?

Zack's Brief at 3.[14]

**II.**

We first address the petition filed in Case No. 2138-2019. In that case, Zack was convicted of one count for failure to verify address or be photographed under 18 Pa.C.S. § 4915(a)(1). As noted above, Section 4915

---

[13] Zack filed a notice of appeal in each case but listed both trial docket numbers in their captions. Because a separate notice was filed at each trial court docket, these consolidated appeals have not been quashed. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*). We later consolidated these appeals *sua sponte*.

[14] On appeal from the dismissal of a PCRA petition, our review is limited to examining whether the trial court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Koehler**, 229 A.3d 915, 927 (Pa. 2020). When an issue raises a question of law, our review is *de novo* and our scope of review is plenary. **Id.**

is the former version of the offense that expired when Megan's Law III was replaced by SORNA on December 20, 2012, and then struck down a year later in the Pennsylvania Supreme Court's decision in **Neiman**. This being the case, Zack was convicted under an unconstitutional statute and is entitled to reversal of his conviction and judgment of sentence.[15]

Our Supreme Court dealt with this very issue in **Commonwealth v. Derhammer**, 173 A.3d 723 (Pa. 2017). There, the defendant was charged in 2009 with violating Section 4915 under Megan's Law III. He was convicted at a 2011 bench trial but later awarded a new trial on appeal. While defendant's retrial was pending, Section 4915 expired and the Supreme Court announced its decision in **Neiman**. As a result, the defendant moved to dismiss his case because **Neiman** invalidated the offense for which he was charged. After his motion was denied, the defendant was found guilty at his retrial. On appeal, we affirmed.

---

[15] Zack did not raise this issue in the PCRA court, nor does he do so in his brief to this Court. The PCRA, however, permits our courts to grant relief from illegal sentences. **See** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons ... serving illegal sentences may obtain collateral relief."). As there is no dispute over the timeliness of the petitions, we may address the legality of sentence *sua sponte* since Zack was convicted and sentenced under a statute found to be unconstitutional. **See Commonwealth v. McIntyre**, 232 A.3d 609, 616-19 (Pa. 2020) (holding waiver principles did not prevent a PCRA petitioner convicted of Section 4915 from challenging the legality of his sentence based on that statute later being declared to be unconstitutional); **see also Commonwealth v. Randal**, 837 A.2d 1211 (Pa. Super. 2003) (*en banc*) (explaining challenges to illegal sentence may be raised by this Court *sua sponte*).

However, our Supreme Court reversed and held that the Commonwealth could not convict the defendant under Section 4915 because its decision in **Neiman** declared Megan's Law III, which included Section 4915, unconstitutionally enacted and, thus, void from the date that it took effect. As the Court explained, because "[i]t is undisputed that a conviction based on an unconstitutional statute is a nullity," then it followed that the defendant's conviction under Section 4915 "cannot be sustained to the extent it is based on Megan's Law III as enacted in 2004." **Derhammer**, 173 A.3d at 728. It went on to hold that the Commonwealth lacked the authority to retry him for his failure to report under Section 4915. **Id**. at 731.

It reached a similar result in **Commonwealth v. McIntyre**, 232 A.3d 609 (Pa. filed June 16, 2020). In that case, the defendant was convicted in April 2012 of failing to register under Section 4915. On direct appeal, we affirmed the judgment of sentence in July 2013 and the defendant did not seek discretionary review in the Supreme Court. After the Supreme Court issued its decision in **Neiman**, the defendant filed a *pro se* PCRA petition in April 2014. Counsel was appointed but moved to withdraw by filing a no-merit letter. The PCRA court granted counsel's motion and dismissed the petition, following which the defendant filed a *pro se* notice of appeal. On appeal to this Court, the defendant raised for the first time that his conviction under Section 4915 could not stand because, under **Neiman**, Megan's Law III was rendered void *ab initio*, resulting in his sentence to be illegal because it was

based on a non-existent statute. After we affirmed in an unpublished decision, our Supreme Court granted discretionary review.

In a unanimous decision, it concluded that the defendant was entitled to reversal of his conviction and sentence. In its opinion, the Court focused on the question of waiver, finding that the defendant's claim based on Section 4915 being void *ab initio* implicated the legality of sentence and was not subject to waiver. ***See McIntyre***, 232 A.3d at 616-19. Turning to the merits, our Supreme Court first noted that its decision in ***Neiman*** declared Megan's Law III, which included Section 4915 to be unconstitutionally enacted, meaning that the statute was void from the date of its enactment. ***Id***. at 619. It went on to hold that the defendant's April 2012 conviction could not be sustained because even though predating ***Neiman***, the conviction was based on a statute that must be regarded as void from the date of its enactment. ***Id***.

More recently, we reached a similar result in ***Commonwealth v. Stanley***, \_\_\_ A.3d \_\_\_, 2021 WL 2835476 (Pa. Super. filed July 8, 2021). There, the defendant was convicted in 2011 of failure to report under Section 4915 and sentenced to 18 months to three years followed by four years of probation. In 2015, the defendant was arrested again for failure to report, this time charged under Section 4915.1. Because of the new charges, the defendant faced a probation violation on his prior Section 4915 conviction. In 2016, he entered a guilty plea on the Section 4915.1 conviction and was

sentenced to two to five years followed by three years of probation. On his probation violation for Section 4915, the trial court imposed the same sentence and it ran concurrently to his new sentence. The defendant later filed a PCRA petition in his Section 4915 case. By agreement of counsel, the PCRA court vacated its probation violation sentence and resentenced the defendant to one-year probation, following which he filed a notice of appeal.

On appeal, we reversed the defendant's conviction and sentence under Section 4915.

> Here, [defendant] was convicted under section 4915, the version of Megan's Law that was enacted in 2004 (Megan's Law III), and which expired in 2012. Because [defendant's] conviction under section 4915 was declared void *ab initio*, any violation of probation resulting from his conviction for that offense cannot be a legal cause of imprisonment, since section 4915 must be treated as if it never existed. Therefore, any violation of probation predicated on the void statute—or resentencing in connection therewith—was also void, since, in effect, that statute never existed.

*Stanley*, 2021 WL 2835476, at *3 (internal citations omitted).

Consistent with *Derhammer*, *McIntyre* and *Stanley*, Zack's conviction under Section 4915 is void because it is based on a statute that our Supreme Court has invalidated. Stated differently, Zack could not plead guilty to a criminal statute that did not exist at the time he failed to report in August 2019. Because his plea to Section 4915 is void, the trial court possessed no authority to sentence him for that offense and, for these reasons, we vacate his conviction and judgment sentence on Case No. 2138-2019.

**III.**

**A.**

We next turn to Case No. 2297-2018.  As summarized above, on counts one through three, Zack pleaded guilty to three counts of Section 4915 under Megan's Law III.  Without rehashing our preceding discussion, our reasoning in Case No. 2138-2019 applies with equal force to his three convictions under Section 4915 in Case No. 2297-2018, all of which were alleged to have occurred in September 2018 after our Supreme Court's decision in **Neiman**.  Accordingly, his convictions and judgment of sentence on those counts are vacated.

Having found that Zack's convictions under counts one through three cannot stand, we turn to his conviction at count four for failure to comply with counseling in violation of 18 Pa.C.S. § 4915.1(a.2)(1).[16]

---

[16] We note that the Commonwealth charged Zack under the wrong offense. Section 4915.1(a.2)(1) applies to offenders who committed their underlying offenses on or after December 20, 2012, and are required to register under Subchapter H of SORNA II, 42 Pa.C.S. §§ 9799.10-9799.42.  Because his indecent assault convictions predated December 20, 2012, Zack was subject to registration under Subchapter I, 42 Pa.C.S. §§ 9799.51-9799.51.  Thus, because he was subject to Subchapter I and its SVP counseling requirements, the Commonwealth should have charged Zack under 18 Pa.C.S. § 4915.2(a.1)(1) ("An individual who is designated as a sexually violent predator commits an offense if the individual knowingly fails to comply with 42 Pa.C.S. § 9799.70 (relating to counseling of sexually violent predators).").

That said, the Commonwealth's incorrect citation to Section 4915.1 constitutes a mere technical error that does not invalidate the conviction. Besides Zack never raising any complaint to this error, Section 4915.1 was

**B.**

On appeal, Zack reasserts his argument that SORNA II unconstitutionally imposes additional reporting requirements on him.

> In the present case, [Zack] claims that he always satisfied his original reporting requirements. [Zack] claims that if he violated any report[ing] requirements, he would have only violated those additional requirements imposed upon him by SORNA II. [Zack] maintains that the Commonwealth violated his constitutional rights by imposing additional reporting requirements upon him after he was sentenced by enacting SORNA II. For this reason, [Zack] believes he is eligible for PCRA relief, because these additional reporting requirements of SORNA II constitute a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence have taken place.

Zack's Brief at 14.

---

not decriminalized after *Muniz*; instead, the General Assembly added Section 4915.2 to similarly cover those offenders who violated their registration requirements under Subchapter I. Significantly, there is little difference between the subsection under which Zack was convicted, which applies to Subchapter H, and its analog that applies to offenders under Subchapter I. *Compare* 18 Pa.C.S. § 4915.1(a.2)(1) ("An individual who is designated as a [SVP] … commits an offense if he knowingly fails to comply with … 9799.36 (relating to counseling of sexually violent predators) and 18 Pa.C.S. § 4915.2(a.1)(1) ("An individual who is designated as a [SVP] commits an offense if the individual knowingly fails to comply with 42 Pa.C.S. § 9799.70 (relating to counseling of sexually violent predators"). Thus, the Commonwealth's incorrect citation does not invalidate its bill of information or Zack's conviction and sentence under Section 4915.1. *See* Pa.R.Crim.P. 560(C) ("The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.").

In effect, Zack is raising a *Muniz*-style *ex post facto* constitutional claim under 42 Pa.C.S. § 9543(a)(2)(i),[17] arguing that retroactive application of SORNA II is unconstitutional to individuals like him who committed their qualifying sexual offenses before December 20, 2012. We disagree.

First, the PCRA court rejected this claim by relying on our Supreme Court's decision in *Commonwealth v. Butler*, 226 A.3d 972 (Pa. filed March 26, 2020) (*Butler II*). There, our Supreme Court held that the reporting, notification and counseling (RNC) requirements that Subchapter H imposes on SVPs do not constitute criminal punishment. The *Butler II* Court explained:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

---

[17] Section 9543(a)(2)(i) provides that "the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the conviction or sentence resulted from ... [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i).

***Butler II***, 226 A.3d at 992-93.

Though ***Butler II*** involved a challenge to Subchapter H, we recently relied on its holding in ***Commonwealth v. Elliot***, 249 A.3d 1190 (Pa. Super. filed April 5, 2021), rejecting an *ex post facto* claim brought by a petitioner deemed an SVP under Subchapter I of SORNA II. While Subchapter H was not applicable to the petitioner in ***Elliot***, we nonetheless found that the ***Butler II*** Court's holding foreclosed his claim:

> While here, [petitioner] was deemed an SVP under Subchapter I, this Court has observed that "Subchapter I contains less stringent reporting requirements than Subchapter H...." ***Commonwealth v. Alston***, 212 A.3d 526, 529 (Pa. Super. 2019). Because Subchapter I's RNC requirements applicable to SVPs are less burdensome than are Subchapter H's requirements for SVPs, it must be the case that Subchapter I's RNC requirements for SVPs also do not constitute criminal punishment, given our Supreme Court's decision in ***Butler II***. Thus, we deem meritless [petitioner's] argument that his RNC requirements are punitive and violative of the *ex post facto* clause.

***Elliot***, 249 A.3d at 1194.

The same holds true for Zack, who alleges that SORNA II imposes increased reporting requirements for offenders like himself who were convicted of their qualifying offenses before December 20, 2012.[18] Zack was

---

[18] Contrary to Zack's assertions, SORNA II does not increase his reporting requirements, which, in the context of his conviction under Section 4915.1(a.2)(1), involved his counseling requirements as an SVP. Under both Megan's Law III and SORNA II, SVPs are required to attend "at least monthly" counseling sessions in a program approved by the State Sexual Offenders Assessment Board. **Compare** 42 Pa.C.S. § 9799.4 (expired) (counseling of SVPs under Megan's Law III) with 42 Pa.C.S. § 9799.36 (counseling of SVPs

originally deemed an SVP under Megan's Law III, but he must now register under Subchapter I of SORNA II, which has less stringent reporting requirements than the constitutionally permissible requirements of Subchapter H. Thus, like we did in *Elliot*, we reject Zack's argument that Subchapter I violates constitutional *ex post facto* rights.

Moreover, Zack's argument does not discuss *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. July 21, 2020), in which our Supreme Court considered whether Subchapter I of SORNA II was an unconstitutional *ex post facto* law. Because the General Assembly expressly declared that Subchapter I was not punitive, the *Lacombe* Court had to determine whether Subchapter I was punitive in effect by applying the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).[19] In balancing those factors, the Court stated:

---

under Subchapter H of SORNA II) and 42 Pa.C.S. § 9799.70 (counseling of SVPs under Subchapter I of SORNA II).

[19] The factors to be considered by a court are as follows:

> [w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment – retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned[.]

> Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz*.... As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty."

*Lacombe*, 234 A.3d at 626 (brackets and citations omitted). The Court held that Subchapter I of SORNA II did not constitute criminal punishment and, as a result, did not violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions.

Here, Zack's constitutional claim is foreclosed by *Lacombe*, since our Supreme Court has held that Subchapter I, which was passed in response to *Muniz*, was not punitive in effect after the Court reassessed the *Mendoza-Martinez* factors. While SORNA II is being retroactively applied to Zack, its retroactive application to him is not unconstitutional. As a result, on Case No. 2297-2018, we conclude that the PCRA court did not err to the extent it denied relief on Zack's conviction at count four for failure to comply with counseling under 18 Pa.C.S. § 4915.1(a.2)(1).[20]

---

*Mendoza-Martinez*, 372 U.S. at 168 (footnotes omitted).

[20] We also find that the PCRA court properly rejected Zack's claim that Subchapter I is unconstitutional based on our Supreme Court's decision in *Commonwealth v. Torsilieri*, 232 A.3d 567, 596 (Pa. 2020) (remanding for development of the record where the appellant presented evidence contradicting the presumption that all sex offenders posed a high risk of recidivism). The PCRA court rejected this claim for lack of development, and we conclude the same, as Zack's argument consists of two sentences.

- 17 -

**IV.**

To summarize, we reverse Zack's conviction and vacate his judgment of sentence on Case No. 2138-2019 (230 WDA 2021), and he is discharged on that case. We also reverse his convictions and vacate his judgments of sentence on counts one through three on Case No. 2297-2018 (229 WDA 2021) but affirm the PCRA court's order denying relief on his conviction at count four, failure to comply with counseling in violation of 18 Pa.C.S. § 4915.1(a.2)(1). Because our decision upsets the trial court's overall sentencing scheme, we vacate Zack's judgment of sentence on count four of Case No. 2297-2018 and remand for resentencing.

Order reversed; conviction and judgment of sentence vacated on Case No. 2138-2019.

Order reversed in part, affirmed in part on Case No. 2297-2018. Convictions and judgments of sentence on counts one through three reversed and vacated. Conviction on count four affirmed, judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2021

- 18 -