J-A13015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC L. SHIELDS | : | |
| | : | |
| Appellant | : | No. 969 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 14, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000625-2021

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED AUGUST 11, 2023**

Eric L. Shields appeals from the judgment of sentence of fifteen to sixty months of incarceration, followed by two years of probation, imposed after he pled guilty to one count of failure to register with the Pennsylvania State Police ("PSP") pursuant to his sexual offender registration requirements.  We affirm.

By way of background, Appellant pled guilty in the Luzerne County Court of Common Pleas in 2014 to, *inter alia*, indecent assault of a complainant less than thirteen years of age (the "Luzerne County case").  The conduct underlying his conviction occurred between December 2011 and August 2012. As a result, Appellant was ordered to register as a sex offender for his lifetime pursuant to the Sex Offender Registration and Notification Act ("SORNA I"). *See* 42 Pa.C.S. §§ 9799.10-9799.41 (expired).

_____

[*] Former Justice specially assigned to the Superior Court.

Prior to discussing Appellant's failure to register with the PSP, we briefly review the pertinent amendments to sexual offender registration in Pennsylvania to provide context to his arguments. At the time Appellant committed the acts constituting indecent assault in 2011 and 2012, the predecessor to SORNA, Megan's Law III, was in effect. *See* 42 Pa.C.S. §§ 9791-9799.9 (expired). Under Megan's Law III, Appellant would have been subject to a ten-year registration. However, effective December 2012, SORNA I replaced Megan's Law III. SORNA I required that Appellant register for his lifetime because his conviction involved a Tier III sexual offense. *See* 42 Pa.C.S. § 9799.14(d)(8). Thus, at the time he was sentenced in the Luzerne County case in 2014, he was subject to SORNA I's lifetime registration requirements.

In 2017, our Supreme Court decided *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). There, the High Court held that the retroactive application of SORNA I upon individuals whose crimes had been committed before its effective date was unconstitutional pursuant to the *ex post facto* clause of the Pennsylvania Constitution. *Id*. at 1193. In response to *Muniz*, the General Assembly amended SORNA I by passing SORNA II, which became effective on June 12, 2018. *See Commonwealth v. Zack*, 262 A.3d 497, 500 (Pa.Super. 2021). SORNA II was divided "into two parts, with one set of obligations applicable to offenses committed on or after December 20, 2012 (Subchapter H), and the other applicable to offenders who were convicted of certain offenses on or after April 22, 1996, but before December 20, 2012

(Subchapter I)." *Id*.; *see also* 42 Pa.C.S. §§ 9799.51-9799.75. Subchapter I "ensured that those required to retroactively register under SORNA, and entitled to relief after *Muniz*, would still have to do so." *Zack*, *supra* at 501 (cleaned up). Additionally, SORNA II created a new offense for failure to register as to offenders required to do so under Subchapter I. *See* 18 Pa.C.S. § 4915.2. Accordingly, with the passage of SORNA II in 2018, Appellant's lifetime registration condition was reduced to a ten-year requirement pursuant to Subchapter I.

In June of 2018, the same month in which SORNA II was enacted, the PSP reviewed Appellant's status and notified him that he was required to register for a period of ten years. Appellant failed to do so and was charged with failure to register pursuant to the Subchapter I requirements in violation of 18 Pa.C.S. § 4915.2(a)(1). He pled guilty and was sentenced as indicated hereinabove.

Subsequently, Appellant timely filed a motion for reconsideration of sentence with the trial court, asserting that application of SORNA's registration and reporting requirements to him based on the sentence imposed in the Luzerne County case violated *ex post facto* prohibitions, and accordingly any sentence arising from his failure to register is illegal.[1] The trial court denied Appellant's motion on June 13, 2022.

---

[1] While the motion for reconsideration was pending, Appellant filed a *pro se* notice of appeal to this Court. Appellant subsequently withdrew the appeal in order to return jurisdiction to the trial court to resolve his pending motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review, which are re-ordered for ease of disposition:

I.   Whether, since the Appellant was never properly resentenced, the sentence imposed on his failure to register violated the United States and the Pennsylvania Constitution[']s *ex post facto* prohibition as it inflicted a greater punishment upon him than the law in effect when he committed the underlying sex offense and, therefore, constituted an illegal sentence.

II.  Whether the trial court imposed an illegal sentence for failure to register under SORNA [II], where his sex offenses occurred prior to December 20, 2012, the effective date of SORNA [I], and where Appellant was never correctly resentenced under Megan's Law III which was in effect at the time he committed the sex offenses.

III. Whether the trial court abused its discretion when it imposed a sentence of [fifteen] to [sixty] months plus two years' probation for failure to register when the facts surrounding his violation did not warrant such a harsh and excessive sentence when the court failed to properly consider all of the relevant sentencing criteria under 42 Pa.C.S. § 9721.

Appellant's brief at 4 (cleaned up).

In his first two issues on appeal, Appellant purports to challenge the legality of his sentence. As those present questions of law, "our scope of review is plenary and we review the lower courts' legal determinations *de novo*." **Commonwealth v. Lacombe**, 234 A.3d 602, 608 (Pa. 2020) (citation omitted).

Appellant first contends that because he was never properly re-sentenced in the Luzerne County case after **Muniz**, his current sentence for

failing to register with the PSP violated *ex post facto* prohibitions of both the United States and Pennsylvania Constitutions. **See** Appellant's brief at 15-18. Next, and relatedly, he argues that the instant sentence for failure to register is illegal due to the fact that he was never re-sentenced in the Luzerne County case upon enactment of SORNA II. **Id**. at 12-15. The implication in both of these arguments appears to be that that since the "registration portion of his sentence" from the Luzerne County case was neither vacated nor corrected so as to fall under the purview of Subchapter I, the portion of the sentence from that case is illegal under **Muniz**. **Id**. at 16-17. Accordingly, he asserts that his current sentence for failure to register would likewise be illegal. **See id**. at 12-15.

However, while Appellant couches both of these claims as a challenge to the legality of his current sentence, in reality he challenges his instant **conviction** for failure to register. In neither of the arguments above does he contest the trial court's authority to impose his sentence upon a guilty plea or the manner in which the court fashioned the sentence. Rather, from what we can discern from his arguments, he maintains that the court lacked authority to convict him because, in his view, he was not properly subject to the registration requirements imposed by Subchapter I. **See id**. at 12-15. In other words, he avers that he cannot be convicted for failure to register because a critical element of that crime, *i.e.*, a duty to register, is not met based on alleged deficiencies in his sentence from the Luzerne County case.

These facial challenges to his conviction are not something we can review because he pled guilty to the offense *sub judice*. **See Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa.Super. 2017) (stating that "a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea"). In pleading guilty, Appellant admitted that he was required to register pursuant to Subchapter I and that he failed to do so. As such, he is precluded from now asserting that he cannot be rightfully convicted and sentenced for this crime.

To the extent we would nonetheless address Appellant's arguments as an attack on an "illegal sentence," they are without merit. In addressing his first claim that his current sentence violated *ex post facto* prohibitions, we utilize the following framework:

> First, a court must ask when the initial offense was committed. Second, the court must ask whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively. If so, the final question is whether that retroactive law is punitive or increases the penalty for the existing crime.

**Commonwealth v. Santana**, 266 A.3d 528, 536 (Pa. 2021).

Appellant's contention fails as he has not demonstrated that Subchapter I is punitive or increases the penalty for the existing crime. To the contrary, our High Court has expressly determined that "Subchapter I does not constitute criminal punishment," and thus an *ex post facto* claim based on this provision would "necessarily fail." **Lacombe**, **supra** at 626-27. We have

- 6 -

applied the holding in *Lacombe* to determine that retroactive application of SORNA II to a defendant, in similar circumstances as Appellant, is not unconstitutional. *See Zack*, *supra* at 506 (rejecting Zack's argument that a conviction for failure to register under SORNA II violated *ex post facto* prohibitions when the registration requirements arose from an indecent assault conviction occurring while Megan's Law III was in effect). Appellant does not cite or discuss either *Lacombe* or *Zack* in his brief, nor does he set forth any argument that they do not preclude his requested relief herein. As such, this claim fails.

Concerning Appellant's second argument that his instant sentence is illegal because he was never re-sentenced in the Luzerne County case, and thus his registration requirements stemming therefrom somehow constitute an "illegal sentence," this similarly is without merit.[2] Appellant is simply incorrect to the extent he asserts that a court was required to re-sentence

---

[2] In support of this position, Appellant highlights that in 2020, this Court vacated his 2017 conviction for failure to register pursuant to Subchapter H of SORNA I in a different case. *See* Appellant's brief at 14-15 (citing *Commonwealth v. Shields*, 236 A.3d 1077 (Pa.Super. 2020) (non-precedential decision)). Appellant's reliance on this case is unavailing. There, he was convicted of failing to register pursuant to the lifetime registration requirements imposed under SORNA I, and this Court reversed the conviction based on our High Court's ruling in *Muniz*. Here, as already discussed, Appellant was convicted pursuant to 18 Pa.C.S. § 4915.2 for failing to register under Subchapter I, which our High Court has expressly determined does **not** constitute criminal punishment or violate *ex post facto* prohibitions of either the United States or Pennsylvania Constitutions. *See Lacombe*, *supra* at 626-27. Plainly put, our decision in *Shields* is inapposite.

him in the Luzerne County case after Subchapter I was enacted. The duty to register pursuant to SORNA II following a conviction of indecent assault arises from the statute itself, not from a sentence. *See* 42 Pa.C.S. § 9799.55(a) (providing a ten-year registration requirement for individuals who have been convicted of certain sexual offenses April 22, 1996, but before December 20, 2012). Since Appellant's conviction for indecent assault in the Luzerne County case has not been vacated, he is subject to the registration requirements of Subchapter I and his sentence for failure to register is not illegal.[3]

Finally, we turn to Appellant's third claim, wherein he asserts that the trial court imposed an excessive sentence, thus challenging the discretionary aspects of his sentence. It is established that such a challenge does not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[3] We note that on October 22, 2022, Appellant filed an appeal to this Court arising from the Luzerne County case, directly challenging his sentence therein after the lower court dismissed his petition filed pursuant to the Post Conviction Relief Act. ***See Commonwealth v. Shields***, 1521 MDA 2022. That appeal was quashed on March 23, 2023, due to Appellant's failure to file a brief. Accordingly, Appellant's conviction for indecent assault in the Luzerne County case has not been deemed illegal or void by any court.

*Id.* (cleaned up). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Bradley***, 237 A.3d 1131, 1138 (Pa.Super. 2020) (citation omitted).

In its brief, the Commonwealth argues that Appellant failed to properly preserve this issue. ***See*** Commonwealth's brief at 13. Specifically, it asserts that while Appellant filed a motion for reconsideration of his sentence, his sole argument in the motion was that his sentence was unconstitutional, not that it was excessive. ***See id***.

After careful review, we agree with the Commonwealth. Appellant did not assert that his sentence was excessive or otherwise challenge any discretionary aspect of the sentence in his motion. On the contrary, he asserted a single argument nearly identical to the *ex post facto* argument considered above. ***See*** Motion for Reconsideration, 9/24/2021, at ¶ 4 ("[Appellant] now seeks to vacate this sentence as violative of the United States and Pennsylvania Constitutions as the imposition of SORNA on [Appellant] was a violation of the *ex post facto* clause as held by our Supreme Court in [***Muniz***.]" (cleaned up)). Our review of the sentencing transcript likewise shows that Appellant never objected to the length of his sentence. Accordingly, Appellant did not preserve this issue, and we are without liberty to entertain the same.

Since none of Appellant's issues merits relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2023