J-S25037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESTINEE NICOLE LEARN | : | |
| | : | |
| Appellant | : | No. 482 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 17, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002192-2021

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED OCTOBER 11, 2023**

Destinee Nicole Learn (Appellant) appeals from the October 17, 2022, judgment of sentence[1] entered in the Monroe County Court of Common Pleas, made final by the denial of post-sentence motions on January 13, 2023.  The trial court sentenced Appellant to an aggregate term of 151 days to two years' less one day incarceration plus a four-year period of probation following her guilty plea to corruption of minors and interference with the custody of

_____

[1] Appellant purports to appeal from the "[o]rder entered in this matter on the 13th day of January, 2023."  Appellant's Notice of Appeal, 2/9/23.  The January 13th order concerns the denial of Appellant's post-sentence motion. The appeal properly lies from the judgment of sentence imposed on October 17, 2022.  ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).  The appeal docket and caption have been corrected accordingly.

children.[2]  The court further imposed mandatory registration requirements under Subchapter H of the Sexual Offenders Registration and Notification Act (SORNA or SORNA II).[3]  On appeal, Appellant challenges the constitutionality of Subchapter H.  Based on the following, we affirm the judgment of sentence.  However, we vacate the denial of Appellant's post-sentence motion challenging the constitutionality of the Subchapter H registration requirements and remand for further proceedings.

Appellant's convictions stem from an illicit sexual relationship with a 15-year-old male victim that occurred in the early months of 2021.  *See* Criminal Complaint, 7/23/21, Affidavit of Probable Cause at 1-2.[4]  Appellant was 22 years old at the time.  *See id.* at 1.  She was charged with statutory sexual assault (individual is four years older but less than eight years older than the complainant), unlawful contact with a minor (related to sexual offenses), obstructing administration of law or other governmental function, hindering

_____

[2] 18 Pa.C.S. §§ 6301(a)(1)(ii) and 2904(a).

[3] *See* 42 Pa.C.S. §§ 9799.10-9799.75 (SORNA II); 42 Pa.C.S. §§ 9799.10-9799.42 (Subchapter H).  Subchapter H concerns individuals who committed a sexually violent offense on or after December 20, 2012.  *See* 42 Pa.C.S. § 9799.11(c).

[4] The May 3, 2022, guilty plea transcript was not included on the certified record on appeal.  Therefore, we glean the facts from the affidavit of probable cause.  We remind Appellant that it was her burden to ensure the certified record was complete on appeal.  *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).

apprehension or prosecution,[5] corruption of minors, and interference with the custody of children.

On May 3, 2022, Appellant pled guilty to the above-mentioned crimes. On October 17, 2022, the trial court sentenced Appellant as follows: (1) a term of 151 days to two years' less one day incarceration followed by three years' probation for the corruption of minors crime; and (2) a consecutive term of one year probation for interference with the custody of children offense. The court also classified Appellant as a Tier I Sexual Offender under SORNA II and informed her that she was subject to SORNA II's registration and reporting requirements.[6] *See* Order — Sentencing, 10/17/22, at 3 (unpaginated).

On October 20, 2022, Appellant filed a post-sentence motion, alleging the SORNA registration requirement is unconstitutional pursuant to

---

[5] *See* 18 Pa.C.S. §§ 3122.1(a)(1), 6318(a)(1), 5101, and 5105(a)(1), respectively.

[6] As a Tier I offender, Appellant was ordered to register for a period of 15 years. *See* Notification of Megan's Law Sex Offender Registration Duties, 10/21/22, at 1.

We note that in the October 17, 2022, sentencing order, the trial court referred to the registration statute as Megan's Law. *See* Order — Sentencing, 10/17/22, at 3 (unpaginated). In 2012, Megan's Law was replaced by SORNA I, which was later amended by SORNA II in 2018. *See Commonwealth v. Zack*, 262 A.3d 497, 500-01 (Pa. Super. 2021). Nonetheless, the trial court properly informed Appellant that she is subject to the registration requirements of a Tier I offender.

*Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020), and "requesting modification of her sentence to delete the requirement that she register as a Tier [I] offender[.]" Appellant's Post-Sentence Motion, 10/20/22, at 1 (unpaginated).[7]

At this juncture, it is necessary to set forth the background of *Torsilieri*. In July of 2018, "[t]he Chester County Court of Common Pleas declared Subchapter H of [SORNA] unconstitutional as violative of several provisions of both the United States and Pennsylvania Constitutions." *Torsilieri*, 232 A.3d at 572. The Commonwealth appealed the decision to the Pennsylvania Supreme Court. *See id.* at 575. "Nevertheless, [the Supreme Court was] unable to conclude based upon the record [before it] whether [the defendant] ha[d] sufficiently undermined the validity of the legislative findings supporting Revised Subchapter H's registration and notification provisions[.]" *Id.* at 585. Therefore, the Supreme Court remanded the case to the trial court "to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the defendant] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H." *Id.* at 596.

---

[7] Appellant did not raise any other issues concerning her convictions or sentence.

Following remand in **Torsilieri**, the trial court again ruled that Subchapter H of SORNA is unconstitutional.[8]  The Commonwealth appealed, and the case is now pending before the Supreme Court at Docket No. 97 MAP 2022.[9]

Turning to the present matter, on December 5, 2022, the trial court held a hearing on Appellant's post-sentence motion.  The trial court and the parties limited the hearing to a discussion regarding the procedural posture of the case in light of the **Torsilieri** decision and its effect on current cases pending before the trial court and this Court.  The court mentioned that an *en banc* panel of the Monroe County Court of Common Pleas was created to review similar SORNA constitutional challenges.  **See** N.T., 12/5/22, at 3, 7.  When questioned by the court as to whether Appellant's post-sentence motion should be granted or denied, the Commonwealth stated the proper procedure would be for the court to deny the motion, which would allow Appellant to file an appeal and preserve the issue.  **See id.** at 4.  The Commonwealth further stated: "And in the appeal, the [trial c]ourt can ask the Superior Court for a

_____

[8] The trial court conducted an evidentiary hearing, "at which [both] parties presented conflicting expert testimony."  **See** 97 MAP 2022, Commonwealth's Statement of Jurisdiction, 9/19/22, at 4.  In addition to finding SORNA unconstitutional, the court granted the defendant's supplemental motion to bar application of SORNA.  **See id.** at 1.

[9] The case was listed on the Supreme Court's May 2023 argument list.  **See** 97 MAP 2022.

remand, like it's done in [ ] other cases. If it's on remand, then we do not have the same time restraints as we do right now." *Id.* Counsel for Appellant suggested the court first "bifurcate" her "sentence and the [SORNA] registration[,]" and then grant the post-sentence motion "pending the results of *Torsilieri*." *Id.* at 5. The court pointed out that both parties agreed the case should be included "in the *en banc* panel's slate[,]" but concluded that since a binding post-*Torsilieri* decision had not been issued, it was going to deny the post-sentence motion "for the reasons that individually the judges of th[e trial c]ourt and the *en banc* panel have denied the challenges in the past." *Id.* at 6-7.

On January 13, 2023, the trial court entered an order, denying Appellant's post-sentence motion, but requesting the case be remanded for a hearing pursuant to *Torsilieri*. This timely appeal followed.[10]

On February 9, 2023, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal with 21 days— or by March 2, 2023. As of that date, no statement was filed. On March 6, 2023, after deeming Appellant's counsel *per se* ineffective, the trial court granted counsel leave and directed him to file a *nunc pro tunc* concise

---

[10] The Commonwealth sent this Court a letter, indicating that it would not be filing an appellee's brief as it was in agreement with the trial court that the case should be remanded for a hearing pursuant to *Torsilieri*. *See* Commonwealth Letter, 6/6/23.

statement within ten days. Counsel complied with this directive one day later. The trial court then issued a Pa.R.A.P. 1925(a) statement, incorporating its rationale set forth in its January 13, 2023, order. The court renewed its request for this Court to remand the matter for an evidentiary hearing. *See* Statement Pursuant to Pa.R.A.P. 1925(a), 3/13/23. The appeal now is properly before us.

Appellant presents the following two issues for our review:

1) Whether the lifetime registration requirement set forth in Revised Subchapter H of SORNA constitutes an illegal sentence because it is punitive in nature and effectively extends Appellant's maximum sentence without a jury's finding of future dangerousness in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, [570 U.S. 99 (2013)?]

2) Whether SORNA's Revised Subchapter H's lifetime registration requirement constitutes an illegal sentence because it violates the federal constitutional prohibition against cruel and unusual punishment pursuant to the Eight[h] Amendment, and Pennsylvania's right to reputation pursuant to Article I, Section XI [of the Pennsylvania Constitution?]

Appellant's Brief at 4. Based on the nature of her claims, we will address them together.

Appellant alleges SORNA and Subchapter H deprive her of due process because it creates an irrebuttable presumption of recidivism, thus denying her of her right to her reputation, and does not provide a meaningful opportunity to challenge the presumption of dangerousness. *See* Appellant's Brief at 12-41. She maintains the statute is punitive and excessive. *Id.* at 41-46. Appellant also states that SORNA usurps judicial power because it

"unconstitutionally vests administrative agencies, as opposed to courts, with the exclusive judicial power to determine the facts necessary for the application of a criminal penalty, not merely its administration." *See id.* at 47-55. She further asserts the registration requirement violates the federal constitutional prohibition against cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution, and Pennsylvania's right to reputation as set forth in Article I, Section XI of the Pennsylvania Constitution. *Id.* at 56-66. Lastly, she contends that the punitive nature of SORNA's registration requirement violates *Apprendi*, *supra*,[11] and *Alleyne*, *supra*.[12] *See* Appellant's Brief at 66-71.

Because Appellant's arguments concern numerous constitutional and statutory grounds, they amount to questions of law. *See Commonwealth v. Morgan*, 258 A.3d 1147, 1152 (Pa. Super. 2021) ("[w]hen an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law") (citation omitted). As such, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Lacombe*, 234 A.3d 602, 608 (Pa. 2020).

---

[11] *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[12] *See Alleyne*, 570 U.S. at 116 (any fact that increases mandatory minimum sentence must be submitted to jury and found beyond reasonable doubt).

In conjunction with Appellant's arguments, we must first address the trial court's request that we remand the matter for an evidential hearing. In its January 13, 2022, order, the court explained its rationale as follows:

> Several years ago, an *en banc* panel of this Court was empaneled to hear a variety of challenges to the constitutionality of [SORNA]. After the Court of Common Pleas of Chester County, in [**Torsilieri**] held that SORNA was unconstitutional, numerous challenges to the constitutionality of SORNA were filed in this Court based on the holding and rationale of **Torsilieri**. Our *en banc* SORNA panel denied the challenges. The defendants appealed.
>
> While appeals from the decisions of our *en banc* panel were pending, the Pennsylvania Supreme Court in **Torsilieri**, "vacate[d] that portion of the trial court's order declaring the registration requirements of Revised Subchapter H of SORNA unconstitutional and remand[ed] for further proceedings consistent with [its] opinion." [**Torsilieri**, 232 A.3d at 596].
>
> Since then, the Superior Court has consistently remanded for evidentiary hearings of the type required by our Supreme Court in **Torsilieri** challenges to the constitutionality of Revised Subchapter H of SORNA. *See e.g.*, **Commonwealth v. Asher**, 244 A.3d 27 (Pa. Super. 2020); **Commonwealth v. Mickley**, 240 A.3d 957 (Pa. Super. 2020). All cases in which defendants appealed our *en banc* panel's denial of their Subchapter H challenges have been remanded. *See e.g.*, **Commonwealth v. Sisler**, 266 A.3d 618 (Table), 128[8] EDA 2020, 2021 WL 4692722 (Pa. Super., Mem. Op., filed October 7, 2021).
>
> \* \* \*
>
> All challenges to Subchapter H of SORNA that have been filed in this Court, including cases remanded by the Superior Court, are pending before our *en banc* SORNA panel. In those cases, the parties have jointly asked for and been granted a stay of proceedings until a final decision is issued in **Torsilieri**. If following the ultimate decision in **Torsilieri** there remain issues for this Court to address, **it is the intent of all defendants who have challenged Subchapter H to jointly retain experts and to proceed in a single hearing at which both facial and as-**

> **applied challenges to SORNA will be heard by the *en banc* panel**. The district attorney's office is in full agreement with the stay and a single hearing.
>
> The stay is being reviewed at biannual hearings. During the most recent hearing, counsel for [Appellant] appeared and joined in the request for a stay.

Order, 1/13/23, at 1-3 (emphasis added).

We agree with the trial court's rationale. In **Asher**, **supra**, which the trial court relies on, a panel of this Court addressed a similar Subchapter H argument. **Asher**, 244 A.3d at 30-31. The **Asher** panel noted that while the defendant properly preserved the issue at sentencing and in his post-sentence motion, there was no factual record because the trial court did not conduct an evidentiary hearing. **Id.** at 33. Moreover, the defendant's post-sentence motion subsequently was denied by operation of law. **Id.** at 30. In accordance with **Torsilieri**, the **Asher** Court vacated and remanded the matter "for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above." **Id.** at 33 (citation omitted). **See also Commonwealth v. Boyd**, 287 A.3d 957, 960 (Pa. Super. 2022) (remanding pursuant to **Torsilieri**); **Mickley**, 240 A.3d at 963 (same).[13]

---

[13] We also refer to several non-precedential decisions where this Court remanded for an evidentiary hearing because no record was developed regarding a constitutional SORNA/Subchapter H challenge. **See Commonwealth v. Escabal**, 1928 EDA 2021 (unpub. memo.) (Pa. Super. Oct. 11, 2022); **Commonwealth v. McCourt**, 1010 MDA 2020 (unpub.
*(Footnote Continued Next Page)*

Here, Appellant preserved her claim by raising it with the trial court in her post-sentence motion.[14] However, at the December 5, 2022, hearing, the trial court and the parties only discussed how to dispose of the post-sentence motion. The hearing did not entertain evidence concerning Appellant's purported high risk of recidivism or any relevant legislative determinations. As such, Appellant was not given the benefit of a specialized hearing to determine whether SORNA's irrebuttable presumptions are constitutional as applied to her, and therefore, there is no factual record on which we may evaluate her claims.

Therefore, in accordance with ***Torsilieri*** and related precedents, we affirm Appellant's judgment of sentence, but vacate the trial court's order denying Appellant's post-sentence motion and remand for a hearing at which time the parties can present evidence supporting or refuting "the relevant legislative findings supporting the challenged registration and notification provisions of" SORNA and Subchapter H. ***Torsilieri***, 232 A.3d at 596. Accordingly, we need not address Appellant's arguments further.

_____

memo.) (Pa. Super. Nov. 29, 2021); ***Commonwealth v. Elgaafary***, 1178 EDA 2020 (unpub. memo.) (Pa. Super. Oct. 12, 2021); ***Sisler***, 1288 EDA 2020 (unpub. memo.) (Pa. Super. Oct. 7, 2021). These cases may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b)(2) (effective May 1, 2019) ("Non-precedential decisions . . . may be cited for their persuasive value.").

[14] Notably, Appellant did not reference any studies or research to support her position, but she did attach a proposed order to her motion requesting a hearing.

Judgment of sentence affirmed.  Order denying post-sentence motion vacated.  Case remanded for proceedings consistent with *Torsilieri*.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: October 11, 2023